IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATHAN PUGH,<br><br>Plaintiff,<br><br>v.<br><br>CORRECTIONS CORPORATION OF AMERICA,<br><br>Defendant. | Civil Action No.1:05CV02421 (JR)<br><br>Next Event: Status Conference<br>June 22, 2006 |

**DEFENDANT CCA OF TENNESSEE, INC.'S MOTION FOR ISSUANCE OF ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY THE COURT SHOULD NOT <u>REQUIRE MEDIATION IN THIS CASE</u>**

Defendant CCA of Tennessee, Inc. ("CCA"), incorrectly named as Corrections Corporation of America, by and through its counsel, and, pursuant to LCvR 84.4(a) hereby moves that the Court issue an order requiring Plaintiff to show cause why mediation would not be appropriate in this case. The basis for this motion is as follows:

1. Plaintiff filed this case in the Superior Court for the District of Columbia on October 3, alleging violations of the Family and Medical Leave Act, 29 U.S.C. §§ 2601 <u>et seq.</u> The Complaint improperly named Corrections Corporation of America as the defendant. The Complaint was served on Corrections Corporation of America on November 28, 2005. Corrections Corporation of America removed this case to this Court on December 16, 2005. Corrections Corporation of America filed an Answer on December 20, 2005. On December 19, 2005, Plaintiff served an amended Complaint again incorrectly naming Corrections Corporation

of America as the defendant. This was received after Corrections Corporation of America served its Answer to the original Complaint. Corrections Corporation of America filed an answer to the amended Complaint on December 21, 2005.

2. At the initial scheduling conference held on February 7, 2006, Plaintiff's counsel indicated that the amount at issue in this case was approximately $18,000 plus attorneys' fees. In its scheduling order, the Court directed Plaintiff's counsel to advise Defendant of the amount of attorneys' fees incurred to the date of Plaintiff's initial disclosures and to supplement that disclosure every 60 days thereafter.

3. In its initial disclosures, Plaintiff's counsel stated that the amount of attorneys' fees allegedly expended on the case through January 2006, prior to Plaintiff correcting service by serving Complaint upon the proper defendant, much less serving initial disclosures, attending any conferences or engaging in any discovery, was $58,875. Ex. 1.

4. The facts in this case are straightforward and uncomplicated. They revolve around whether Defendant's requirement that Plaintiff work more than 40 hours per week, a requirement that Plaintiff admits that he could not meet, was an essential function of the job to which he sought to return after his FMLA leave.

5. On March 1, 2006, Defendant requested that Plaintiff agree to submit this case to mediation. On March 7, 2006, Plaintiff refused to agree to mediation. Ex, 2.

6. This Court may require the parties to participate in mediation pursuant to LCvR 84.4(a). Mediation is appropriate at this stage because, since the claimed attorneys' fees already are more than triple the amount in dispute, additional attorneys' fees will only further impair the ability of the parties and the Court to resolve this case at a later date.

WHEREFORE Defendant respectfully moves that this Court issue an order requiring Plaintiff to show cause to why mediation would not be appropriate in this case and further order that discovery be stayed pending Plaintiff's response to the motion to show cause order and the Court's action based on Plaintiff's response.

Dated: this 13th day of March, 2006

Respectfully submitted,

By: /s/ Dannie B. Fogleman
Dannie B. Fogleman
Bar No. 414311
Alison N. Davis
DC Bar No. 429700

FORD & HARRISON LLP
1300 19th Street, N.W., Suite 700
Washington, DC 20036
(202) 719-2000

Attorneys for CCA of Tennessee, Inc.

CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he served a copy of the foregoing Defendant's Motion for Issuance of an Order Requiring the Plaintiff to Show Cause Why Mediation Should Not Be Required in This Case to the following via electronic case filing, on March 13, 2006:

Brett M. Wood, Esquire
Wood & Berliner PLLC
1320 G Street, SE
Washington, D.C. 20003

Alison N. Davis

DC:59301.1