IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATHAN PUGH,

       Plaintiff,

v.

CORRECTIONS CORPORATION OF
AMERICA,

       Defendant.

Civil Action No.1:05CV02421 (JR)

Next Event: Status Conference
June 22, 2006

**DEFENDANT CCA OF TENNESSEE, INC.'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR ISSUANCE OF
ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY THE COURT SHOULD
NOT REQUIRE MEDIATION IN THIS CASE**

Defendant CCA of Tennessee, Inc. ("CCA"), incorrectly named as Corrections

Corporation of America, by and through its counsel, and, pursuant to LCvR 84.4(a) hereby

moves that the Court issue an order requiring Plaintiff to show cause why mediation would not

be appropriate in this case.

Plaintiff filed this case in the Superior Court for the District of Columbia on October 3,

2005, alleging violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et

seq. The Complaint was served on Corrections Corporation of America, which was not the

proper defendant, on November 28, 2005. Corrections Corporation of America removed this

case to this Court on December 16, 2005. Corrections Corporation of America answered the

Complaint on December 20, 2005. Unbeknownst to Corrections Corporation of America, on

December 19, 2005, Plaintiff filed an amended Complaint again incorrectly naming Corrections

Corporation of America as the defendant. Corrections Corporation of America received the amended Complaint after it served its answer to the original Complaint. Corrections Corporation of America filed an answer to the amended Complaint on December 21, 2005.

The facts in this case are straightforward and uncomplicated. They revolve around whether Defendant's requirement that Plaintiff work more than 40 hours per week, a requirement that Plaintiff admits that he could not meet, was an essential function of the job to which he sought to return after his FMLA leave.

At the initial scheduling conference held on February 7, 2006, Plaintiff's counsel indicated that the amount of backpay allegedly owed to Plaintiff was approximately $18,000. In its scheduling order, the Court directed Plaintiff's counsel to advise Defendant of the amount of attorneys' fees incurred to the date of Plaintiff's initial disclosures and to supplement that disclosure every 60 days thereafter. After the scheduling conference, on February 16, 2006, Plaintiff finally amended his Complaint to name the proper Defendant, CCA of Tennessee, Inc.

In its initial disclosures, Plaintiff's counsel stated that the amount of attorneys' fees allegedly expended on the case through January 2006, prior to serving the Complaint upon the correct defendant, much less serving initial disclosures, attending any conferences or engaging in any discovery, was $58,875. Ex. 1. In light of the amount of attorneys' fees incurred to date, on March 1, 2006, Defendant requested that Plaintiff agree to submit this case to mediation. On March 7, 2006, Plaintiff refused to agree to mediation. Ex. 2.

LCvR 84.4(a) provides that "District judges may refer civil cases to mediation . . . by requiring litigants to participate after giving them the opportunity, in response to an order to show cause, to explain why mediation would not be appropriate in their case." Mediation is appropriate at this early stage of the litigation since it is apparent that, since the claimed

attorneys' fees already are more than triple the amount in dispute, additional attorneys' fees will only further impair the ability of the parties and the Court to resolve this case at a later date. If Plaintiff's counsel claims to have spent $58,000 in time to file this case and make two simple amendments, including one that merely named the correct defendant, it staggers the imagination as to what will be claimed once discovery advances. Without a doubt, this case will be driven by Plaintiff's desire to recoup his attorneys' fees rather than a reasonable resolution of Plaintiff's own claim for damages.

Dated: this 13th day of March, 2006        Respectfully submitted,

By: _____
    Dannie B. Fogleman
    Bar No. 414311
    Alison N. Davis
    DC Bar No. 429700

    FORD & HARRISON LLP
    1300 19th Street, N.W., Suite 700
    Washington, DC 20036
    (202) 719-2000

    Attorneys for CCA of Tennessee, Inc.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he served a copy of the foregoing Defendant's Memorandum Of Points And Authorities In support Of Defendant's Motion For Issuance Of Order Requiring Plaintiff To Show Cause Why The Court Should Not Require Mediation In This Case to the following via electronic case filing, on March 13, 2006:

Brett M. Wood, Esquire
Wood & Berliner PLLC
1320 G Street, SE
Washington, D.C. 20003

_____
Alison N. Davis

DC:59303.1