IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATHAN PUGH,<br><br>    Plaintiff,<br><br>v.<br><br>CCA OF TENNESSEE, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 1:05CV02421 (JR) |

### DEFENDANT CCA OF TENNESSEE, INC.'S REPLY TO PLAINTIFF'S MEMORANDUM SHOWING CAUSE WHY HE SHOULD NOT BE REQUIRED TO PARTICIPATE IN MEDIATION

Defendant CCA of Tennessee, Inc. ("CCA"), by and through its counsel, hereby replies to Plaintiff Nathan Pugh's ("Plaintiff's") memorandum to show cause why he should not be required to participate in mediation as follows:

Plaintiff has failed to show why this case would not be appropriate for mediation at this early stage. None of the reasons which Plaintiff presents indicate that the parties would not benefit from mediation. To the contrary, because there are few disputed facts in this case, even at this early stage, Plaintiff has enough information to participate effectively in mediation. Through its Initial Disclosures, CCA has provided information relating to the key issue in this case, *i.e.*, whether the ability to work overtime was an essential function of the Correctional Officer position to which Plaintiff sought reinstatement from his leave under the federal Family and Medical Leave Act ("FMLA").[1] Furthermore, Plaintiff's focus on counsel's entitlement to attorneys' fees is misplaced. CCA does not dispute that if Plaintiff prevails, counsel for Plaintiff should be compensated for its services. That entitlement, however, is not unfettered. The

---

[1] The facts, thus, do not support Plaintiff's contention that CCA was motivated to seek Court intervention as a ploy to avoid responding to Plaintiff's discovery requests.

attorneys' fees must be reasonable, which is determined, in part, by the complexity of the claim. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)(citing to the twelve factors in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 718 (5th Cir. 1974)). Exorbitant fees are not justified in a simple and routine case.

As demonstrated in CCA's motion, this case does not involve either a novel or complex legal issue. Furthermore, the parties could stipulate to many of the material facts.[2] The key issue is whether working overtime, more than 8 hours in a day and 40 hours in a week, was an essential function of Plaintiff's job as a Correctional Officer. If it was, he had no right to be restored as a Correctional Officer under the FMLA because of his work restrictions. 29 CFR §825.214(b)("if the employee is unable to perform an essential function of the position because of a physical or medical condition . . . the employee has no right to restoration to another position under the FMLA"). If working overtime was not an essential function, the calculation of Plaintiff's damages is not complicated. The parties should be able to stipulate regarding Plaintiff's hourly rate, the date on which he was entitled to reinstatement and his actual date of reinstatement.

While CCA is amenable to engaging in settlement discussions, the parties would benefit from a neutral evaluation as they, without a doubt, have divergent views regarding the key issues and consequently the valuation of this case.[3] Contrary to Plaintiff's assertions, the parties have

---

[2] CCA does not deny that Plaintiff was not reinstated when he first indicated that he could return to work. Plaintiff admits in his Equal Employment Opportunity Commission ("EEOC") Charge that when he initially sought reinstatement he could not work more than 8 hours in a day. *See* Exhibit A(copy of Plaintiff's EEOC Charge). There also is no dispute that Plaintiff's physician informed CCA that he could not work more than 40 hours per week. *See* Exhibit B(copy of doctor's note).

[3] It is incredulous that counsel for Plaintiff already has expended in excess of $60,000 and discovery has barely begun in this uncomplicated case. Assuming Plaintiff is correct that he should have been reinstated on October 3, 2003, Plaintiff's lost wages would be about 6 months of pay (or about $18,000) since he was reinstated on April 12, 2004. At the rate that counsel for Plaintiff is incurring attorneys' fees, it is quite plausible that the fees will rapidly reach a sum far in excess of three times the claimed damages of $42,681.60, which may not be recoverable at the end of the day. CCA simply is attempting to ensure the prudent use of judicial resources.

not previously mediated his claim under the FMLA. In fact, despite filing a union grievance on December 5, 2003 and a discrimination Charge[4] on February 23, 2004, Plaintiff failed to inform CCA that he was pursing an FMLA claim until more than two (2) years after October 2, 2003, the day on which he was told that he should not return to work without a medical release.[5] For those reasons, Plaintiff's attempt to paint CCA as being unreceptive and dilatory in resolving this FMLA claim is disingenuous.

Moreover, by referring in his response to this order to show cause to positions allegedly taken by the parties before the DCOHR, Plaintiff has violated the confidentiality agreement which all parties are required to sign when they agree to participate in the DCOHR's mediation process.[6] Even if it were appropriate, the mere fact that a party failed to obtain the outcome which he wanted in a prior mediation does not mean the process lacks utility.[7] As borne out by the DCOHR's no probable cause determination, *see* Exhibit C, the other non-FMLA claims did not settle because they were meritless, not because CCA was being obstreperous. Hence, counsel for Plaintiff's pessimism regarding mediation is unwarranted.

For the reasons set forth above and in Defendant's motion, the Court should stay discovery and order Plaintiff to mediate this case forthwith.

---

[4] Plaintiff dual filed disability and gender discrimination claims under the Americans With Disabilities Act and Title VII of the Civil Rights Act of 1964, as amended, with the EEOC and District of Columbia Office of Human Rights ("DCOHR"). *See* Exhibit A.

[5] On November 28, 2005, Plaintiff erroneously served his Complaint on Corrections Corporation of America, an entity which was not his employer.

[6] Mindful of the confidential nature of the DCOHR mediation, CCA respectively disagrees with Plaintiff's recollection of what occurred.

[7] Notably, on March 4, 2005, the DCOHR correctly found, and Plaintiff has not challenged, that CCA did not subject Plaintiff to disparate treatment based upon his sex or disability, and CCA accommodated his disability by offering him in April 2004 the Commissary Clerk position which allowed him to limit his work hours to 40 hours per week.

Dated: March 31, 2006                    Respectfully submitted,

By: _____
Dannie B. Fogleman
D.C. Bar No. 414311
Alison N. Davis
D.C. Bar No. 429700

FORD & HARRISON LLP
1300 19th Street, N.W., Suite 700
Washington, DC  20036
(202) 719-2000

Attorneys for Defendant CCA of Tennessee, Inc.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he served a copy of the foregoing **Defendant CCA of Tennessee, Inc.'s Reply to Plaintiff's Memorandum Showing Cause Why He Should Not be Required to Participate in Mediation** to the following via electronic case filing, on March 31, 2006:

Brett M. Wood, Esquire
Wood & Berliner PLLC
1320 G Street, SE
Washington, D.C. 20003

_____
Alison N. Davis

DC:59594.1