IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Nathan Pugh, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>CCA of Tennessee, Inc., )<br>)<br>    Defendant. )<br>) | Civil Action No. 1:05CV02421 (JR) |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S REPLY
TO PLAINTIFF'S MEMORANDUM SHOWING CAUSE**

Pursuant to this Court's Order to Show Cause entered March 14, 2006 ("Order"), Rule 7 of the Federal Rules of Civil Procedure, and Rules 7 and 84.4 of the Rules of the United States District Court for the District of Columbia ("Local Rules"), Plaintiff Nathan Pugh, by and through undersigned counsel, hereby respectfully moves to strike from the record *Defendant CCA of Tennessee, Inc.'s Reply to Plaintiff's Memorandum Showing Cause Why He Should Not Be Required To Participate In Mediation* filed March 31, 2006 ("Reply").

**MEMORANDUM OF POINTS AND AUTHORITIES**

On March 13, 2006, Defendant filed a motion to require the Plaintiff to show cause as to why he should not be ordered to participate in mediation of this case. *See* Motion for Issuance of Order Requiring Plaintiff to Show Cause Why the Court Should Not Require Mediation in This Case (Mar. 13, 2006) ("Motion"). The following day, this

Court granted Defendant's Motion, ordering the Plaintiff to show cause on or before March 27, 2006 why he should not be required to participate in mediation.  *See* Order Granting Motion for Order to Show Cause (Mar. 14, 2006).  No other pleading was authorized or requested by the Court.

Responding to the Court's Order, on March 27, 2006, Plaintiff filed a memorandum showing cause why he should not be required to participate in mediation of this case.  *See* Plaintiff's Memorandum Showing Cause Why He Should Not Be Required to Participate in Mediation (Mar. 27, 2006) ("Memorandum").  At that point, the matter before the Court was ripe for disposition, and no further filings by the parties were necessary or appropriate.

Nevertheless, on March 31, 2006, Defendant filed a pleading entitled *Defendant CCA of Tennessee, Inc.'s Reply to Plaintiff's Memorandum Showing Cause Why He Should Not Be Required To Participate In Mediation*.  This pleading is inappropriate under both Local Rule 84.4(a)(2) and the Court's Order, neither of which contemplate that the issue at hand, *i.e.*, a show cause order directed to the Plaintiff, is to be resolved pursuant to the procedure governing motions.

Once the Plaintiff filed his Memorandum showing cause, the Court had before it the positions of both parties regarding mediation – Defendant's Motion and Plaintiff's Memorandum.  The filing of a reply brief by the Defendant was not authorized or requested by the Court in its Order, and such a filing is not contemplated under the Federal Rules of Civil Procedure or the Local Rules of this Court.

WHEREFORE, for all of these reasons, Plaintiff respectfully requests that the pleading entitled *Defendant CCA of Tennessee, Inc.'s Reply to Plaintiff's Memorandum*

2

*Showing Cause Why He Should Not Be Required To Participate In Mediation*, which was filed on March 31, 2006, be stricken from the record in this case.

Respectfully submitted,

WOOD & BERLINER PLLC


_____/s/_____
Brett M. Wood, Esq.
DC Bar No. 142299
Deborah E. Berliner, Esq.
DC Bar No. 422238
1320 G Street, S.E.
Washington, DC   20003
Tel.  202.744.9221
Fax  202.544.5918

*Attorneys for Plaintiff*

DATED:  This 4th day of April, 2006

**CERTIFICATION UNDER LOCAL RULE 7(m)**

      I, Deborah E. Berliner, hereby certify that on April 3, 2006, I contacted counsel for the Defendant, Alison N. Davis, by telephone, to confer on Plaintiff's Motion to Strike Defendant's Reply to Plaintiff's Memorandum Showing Cause. After conferring with counsel, she informed me that the Defendant would oppose Plaintiff's motion.

                                      _____/s/_____
                                      Deborah E. Berliner, Esq.